UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CASE NO.: 3:07CV1361CFD

| | |
|---|---|
| DWIGHT O. SCHWEITZER | ) |
| Plaintiff | ) |
| vs. | ) |
| THE ESTATE OF RUTH B. | ) |
| SCHWEITZER, et. al. | ) |
| Defendants | ) |
| | ) |

**OBJECTION TO THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS SECOND AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW the Plaintiff in the above captioned matter and hereby objects to the Defendants motion to dismiss the Plaintiffs second amended complaint (hereinafter 'complaint') and cites in support thereof the following:

**I.   PROCEDURAL HISTORY**

The Plaintiff respectfully refers the court to the procedural history as written by the Hon. Adalberto Jordan in his **Order of Transfer** of August 29th inst. which more accurately outlines the procedural history than that offered by the defendants in their motion.

**II.   ALLEGATIONS OF THE COMPLAINT**

In a similar vein the Plaintiff incorporates by reference the recitation of the facts as written by the Hon. Adalberto Jordan in his **Order of Transfer** of August 29th inst., as it

also more accurately describes the factual allegations upon which the Plaintiff seeks redress than the somewhat skewed attempt offered by the Defendants' which, with due respect, is more confusing than enlightening. To further place the issues before the Court in the proper context the Plaintiff, incorporates by reference (although attached for the Courts' convenience) the Plaintiffs' **Motion for Leave to Amend His Complaint,** dated July 30th inst., with Exhibits 1 through 6 attached, and which is offered primarily to demonstrate that the Defendants' 'theory of the case' is as factually misleading as it is legally incorrect and insufficient.

A brief example should suffice to demonstrate the point. The Defendants' in their motion go to great lengths to point out that as to the Plaintiff, the Defendant Donohue was not a fiduciary and from that proposition build their case for dismissal. The only fiduciary capacity the Plaintiff alleged as to Attorney Donohue was the duty of any closing attorney who has requested a release from a party to a closing, prior to the closing taking place in order to facilitate it, not to use the document given him in a manner inconsistent with the basis for which it was tendered.

No one who has ever handled a real estate closing would deny that documents are often given in advance to a closing attorney to facilitate the closing without contemporanious consideration and in reliance upon the expectation that they will be used for the purposes for which they were solicited and given. It is in that limited capacity that the Defendant Donohue had a legal, ethical, and moral obligation to hold the Plaintiffs' release of his rights under the master lease, and to only use it for the purpose for which it had been requested and in reliance thereon, for which it was tendered.

Similarly, the Defendants' reliance on the Plaintiff having acknowledged that the Estate has a claim against Donohue for depriving it of the locked in income stream agreed to at the mediation before Judge Killian does not mean that both claims are the same. What it does mean is that the Estate has a conflict of interest in representing Attorney Donohue and does not have a defense to the Plaintiffs' claim for unjust enrichment and quantum meruit, by claiming that what was obtained by the Plaintiffs' efforts turned out to be worth less than what the Plaintiff had bargained for and obtained on his mothers' behalf; a much different matter than an acknowledgement that the Plaintiffs' claim is the same as that belonging to the estate and therefore exclusively in their discretion to pursue.

The Defendants' in their motion, attempt to cloak Attorney Donohue in the protected status of the Plaintiffs' mothers' conservator and applying to any action he performed during that time. The fallacy in the Defendants' claim is that the Plaintiff would never have given a release, in escrow or otherwise, to her conservator were he acting in that capacity and didn't do so in this instance either. The Plaintiff gave a release to the closing attorney with the explicit understanding that the closing he was enabling was to be a closing consistent with the terms the Plaintiff *and his mother* had been expecting. The very terms that the Defendant Donohue had also agreed to as a result of the mediation and upon which the Plaintiff had the right to rely upon and did rely upon.

The lack of intellectual integrity in the Defendants' motion is rampant and evidenced by such references as their taking out of context the allegation found in paragraph 28 of the complaint to the effect that the Plaintiff had no wish to purchase the property 'if his mother received at least the same amount as she would have received had the master

3

lease generated the full proceeds called for by its terms'. This gratuitous statement was made at an earlier time and in a different context and for which no consideration was given either literally or figuratively. It was simply part of an attempt to put the issue of the master lease aside so the probate court could focus on what was best for the Plaintiffs' mother and disabled sister. Were this not sufficient to call into question whether the Defendants' are purposely trying to mislead the Court in their filing, they go on to suggest that the probate court, having approved the final accounting filed by attorney Donohue, has somehow created a bar to the alleged fraud in the inducement when there is no record anywhere that attorney Donohue disclosed to anyone including the probate court, let alone sought its' permission, when he arbitrarily altered the terms of a mediated settlement which had been agreed to by all the parties in interest, himself included, and upon which his ward as well as the Plaintiff, relied.

Furthermore, not only would nothing in his accounting have provided notice to anyone that an essential term of the mortgage note had been omitted, the very fact that attorney Donohue was the Plaintiffs' mothers' conservator would have, and did, reinforce the belief in the Plaintiff that the asset he had obtained for his mother would be safeguarded by her fiduciary.

If there is no notice, there is no defense, and nowhere do the Defendants suggest that the Plaintiff knew or even should have known that the basis upon which he tendered his release was not in fact what was achieved. Once the closing took place the damage was done as the buyer, having been relieved of an obligation by the representative of the seller at the closing of a term she had previously agreed to, merges the contract of sale into the

4

closing documents and ends the matter, especially where the mortgage note was prepared by the sellers attorney.

It is axiomatic that the legal profession must depend on the integrity of its' members who are entrusted to do that which they have agreed to do, will in fact comply, or the system we all depend upon cannot function as we know it.

It should be noted that for purposes of this motion to dismiss, the allegations of the Plaintiff in his complaint must be taken as true and proved. As such the gratuitous additions, interpretations and conclusions made by the Defendants' in their filing are not simply red herrings cast before the court in a good faith interpretation of the facts, they are misstatements which can only have been offered in bad faith and must be looked upon as such. We are not here on a motion for summary judgment and the affidavit of attorney Johnson absent cross examination, has no probative value whatsoever.

### III.. **LEGAL ARGUMENT**

A. <u>THE PLAINTIFF HAS STANDING TO SUE ATTORNEY DONOHUE</u>

Contrary to the allegations of the Defendants' that the Plaintiffs' claim against Attorney Donohue is barred because of the status of the Defendant, the fact that he was the Plaintiffs' mothers' conservator is not a blank check when it comes to unauthorized and unsupervised actions outside of his official capacity resulting in damage to third parties. Attorney Donohue was not acting in his capacity as the conservator of the Plaintiffs' mother when he requested the release from the Plaintiff though he certainly had that hat on as well at the time. Attorney Donohue could have hired anyone to handle the closing on behalf of his ward without approval of the probate court as evidenced by another attorney handling the probate appeal out of which the settlement arose.

No one would seriously contend that the duties of a conservator are to handle real estate closings. Indeed many conservators are not lawyers and they are charged with what their title suggests, the conservation of the assets of their ward. That attorney Donohue chose to also handle the closing and in that regard sought a necessary release from the Plaintiff does not confer immunity unless the Plaintiff had tendered the release for a different purpose than to fulfill his obligations to his mother in the closing to enable her to achieve the benefits that he had successfully negotiated on her behalf from that closing.

The spurious nature of the Defendants' position is buttressed by the very fact that the closing documents were never presented to the probate court for review or approval nor was the change ever referred to in any filing with the probate court. The conservator reported and accounted for just what he was obligated to report and account for; that the closing took place and that the agreed upon amount was paid into the estate. Were his activities at the closing a part of his duties as conservator he would have been required to bring them to the attention of the probate court yet even the Defendants do not suggest such a responsibility on his behalf, let alone his fulfilling it.

As stated earlier, given the adversarial nature of the process leading up to the mediation, common sense would dictate that the release was tendered solely because attorney Donohue represented that he was also handling the closing and had forwarded the release he prepared to the Plaintiff on that representation and was returned to him on that expectation.

The custom and practice in real estate closings taking place within Hartford county is to provide the closing attorney in advance with all the documents he needs to transfer

6

clear title in exchange for the agreed upon consideration. This practice in effect imposes a fiduciary responsibility on the closing attorney not to use documents placed in his possession for any other purpose than that for which they were tendered. Part of the agreed upon consideration here was that the buyer could not prepay the note during it's fifteen (15) year life absent the consent of the Plaintiffs' mother or an arms length sale, and the right to allow a prepayment *if requested,* only applied to her and did not survive her death. The Defendants' first argument is therefore not well taken.

B. <u>THE DOCTORINE OF RES JUDICATA DOES NOT APPLY TO MATTERS OUTSIDE OF THE PROCEEDING AND WHICH WERE NOT A PART OF IT NOR REQUIRED TO BE</u>

The Defendants' attempt to merge the activities that led up to and facilitated the closing into the final accounting of attorney Donohue presented to the probate court is likewise misplaced. Nowhere do they cite that the closing documents, let alone any changes made from that which had previously been agreed upon, were ever presented to the probate court for approval, or were mentioned or referred to in the accounting or the discrepancy ever made known by attorney Donohue to anyone other than the buyer.

To therefore suggest that there was a prior judgment on the merits as to that issue is disingenuous at best. The unilateral change was a significant departure from the terns of a sale that all of the parties had agreed to at and as a result of a mediation proceeding, and is a provision that had a value of close to $100,000.00 according to the Plaintiffs' expert.

To suggest that the probate court approved that of which it was unaware and was in fact a material departure from what had been agreed to and expected is nothing short of

7

absurd. To accept that proposition is to validate what would amount to a fraud upon the probate court, not simply upon the Plaintiff.

### C. THE PLAINTIFFS CLAIMS ARE NOT BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Without wishing to belabor the point, there was never any judgment approving an unknown, unannounced, unapproved and unauthorized change in a mediation settlement, the terms of which were clear and unambiguous. The Plaintiff therefore can hardly be seen as a **"*state court loser as a result of a state court judgment*"** as there is no judgment on this issue in any court brought by any person, winner or loser, let alone the Plaintiff. Furthermore, though certainly artful, even Attorney Johnson does not state under oath that the Plaintiff knew or should have known of the material change or that it had been brought to the probate courts attention or that it had been approved or that the probate court was even aware of it; ever, let alone had an opportunity to pass judgment upon it.

### D. THERE IS NO JUDICIAL IMMUNITY FOR ACTS BEYOND THE SCOPE OF THE FOUR CORNERS OF THE DOCTRINE AND ATTORNEY DONOHUE WAS NOT ACTING IN A QUASI JUDICIAL CAPACITY WHEN HE SOLICITED THE RELEASE FROM THE PLAINTIFF TO ENABLE HIM TO BE THE CLOSING ATTORNEY ON A SALE OF PROPERTY IN WHICH THE PLAINTIFF HAD A PERSONAL PECUNIARY INTEREST OUTSIDE OF HIS RELATIONSHIP TO THE DEFENDANT DONOHUES' WARD.

To thus state the argument is to refute it. None of the cases cited by the Defendants support a defense to the Plaintiffs claim. In Cok vs Cosentino, 876 F. 2d 1 (1st Cir. 1989) cited by and relied upon by the Defendants the very flaw in their position is apparent; the

8

acts alleged in the Plaintiffs' complaint were in fact taken *without the sanction of the probate court.* Indeed they were taken without the knowledge of the probate court. To suggest that the Defendant Donohue was vested by virtue of his status as conservator with discretion to deprive his ward of an asset of such considerable value is patently and which he had publicly accepted would be contrary to the very charge he was given and his responsibilities on behalf of his ward; to conserve her assets.

As to the Plaintiff, he certainly cannot claim that his protected conduct went so far as to enable him to defraud third parties especially when he cannot first claim that his actions were in the interests of his ward and even impliedly approved by the court that appointed him. A court that was there to provide the very oversight that would shield his actions and to which he owed a duty of disclosure and approval to avail himself of its' protection. Given that neither of which occurred, the defendant Donohue not only committed a fraud upon the Plaintiff, he committed a fraud upon the court that appointed him and the ward who trusted him.

E. THE DOCTRINE OF ABSTENTION DOES NOT APPLY TO CLAIMS OTHERWISE PROPERLY BEFORE THIS COURT

While the Plaintiff would like to take the credit for finding the following case it was actually cited to him by the temporary administrator of the Plaintiffs' mothers' estate. The case of Markham vs. Allen, 326 US 490 (1946) is precisely on point to refute the Defendants' request for abstention.

Headnote 4 is dispositive wherein it states:

> "Where the effect of a judgment of a federal court is to leave undisturbed the orderly administration of a decedent's estate in a state probate court but to decree a right in property to be distributed after administration, this is not an exercise of probate jurisdiction or an interference with property in the possession or custody of a state court. Id. at 394.

That case also concerned a claim against the assets of an estate in the process of settlement and the Supreme Court was explicit; if jurisdiction lies in a federal district court, the existence of a contemporaneous state court proceeding does not, ipso facto, mandate abstention. This does not even go to the question of there being no analogous state court proceeding in personam on the Plaintiffs'[1] part against the Defendant Donohue. The doctrine of pendant jurisdiction on the other hand is more compelling even if a case for abstention were appropriate given that the dismissal of that portion of the Plaintiffs' cause of action here would still leave the Donohue claim in the federal district court leading to the very kind of piecemeal litigation to which the Defendants' refer and say they wish to avoid..

I do feel that it is appropriate to point out to the court that, taken on its' face, there is a clear and present conflict of interest on the part of the attorneys and the fiduciaries of the Plaintiffs' mothers' estate, to also be representing attorney Donohue in this action which, if proved, would constitute a violation of the cannons of ethics and especially so to the extent that it represents a substantial asset of the estate that was gratuitously thrown away.

---

[1] The Plaintiff would like to respectfully point out to counsel for the Defendants that among the Plaintiffs' 'other hats' he was a former editor of the Connecticut Bar Journal and recently the editor and publisher of one of the largest circulation Jewish Newspapers in the world. In that capacity he is assuredly familiar with the rules of English grammar. Please note that is perfectly appropriate to use a colon after the 's' when denominating possession and the constant finding of 'sic' in the Defendants memorandum when an "s' " appears is, to say the least, more illustrative of the Defendants counsels' lack of understanding of the rules of English grammar than the Plaintiffs' inappropriate use.

## IV. CONCLUSION

For the reasons stated above, and the fact that this identical motion was made before the court in this matter in the federal district court for the southern district of Florida and could have been decided there if it were thought to be well taken. That result would have been dispositive, but was not. It is therefore reasonable to assume that judicial courtesy would not have imposed this self same issue on a fellow district Judge were it thought to be well taken when first made elsewhere.

The Defendants' motion to dismiss the above captioned matter "with prejudice against the Defendants" [sic] should, in all respects, be denied.

Respectfully submitted,

_____
Dwight Owen Schweitzer, Pro-se
Fed. Bar # ct00072

Phone: (305) 576-2055
Facsimile: (305) 675-3314
555 NE 34th Street  Suite 1005
Miami, Florida 33137-4055
**Local Office:**
**c/o Fitzgerald Law, LLC**
**16 Brace Road**
**West Hartford, CT 06017**
**Email: jedcoceo@aol.com**

### CERTIFICATION OF SERVICE

On this the 17th day of October 2007 I caused to be mailed by first class mail, postage pre-paid, a true copy of the foregoing notice of Local Office and the Plaintiffs' OBJECTION TO THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFFS SECOND AMENDED COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW, to:

:

Warren P. Johnson, Esquire
22 Elm Street
Windsor, CT 06095

_____
Dwight Owen Schweitzer

11



# EXHIBITS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-20198-CIV-JORDAN

| | | |
|---|---|---|
| DWIGHT O. SCHWEITZER | ) | July 30th, 2007 |
| Plaintiff | ) | |
| vs. | ) | |
| THE ESTATE OF RUTH B. | ) | |
| SCHWEITZER, et. al. | ) | |
| Defendants | ) | |
| | ) | |

## MOTION FOR LEAVE TO AMEND THE PLAINTIFFS' COMPLAINT

The plaintiff hereby moves that he be permitted to amend his complaint of April 20th 2007 by filing the attached 'PROPOSED AMENDED COMPLAINT' in response to the defendants' motion to dismiss dated June 20th 2007, and cites in support thereof:

### 1. ALLEGATIONS OF THE PROPOSED AMENDED COMPLAINT

The attached complaint, while containing common allegations of fact to the prior amended complaint of April 20th 2007, the proposed amended complaint is based upon a different theory of law as to the defendant Donohue, and has dropped the fiduciary defendants as parties,

The attached complaint pleads sufficient facts to establish the requisite nexus between the state of Florida and the defendants' and based upon the allegations contained therein, meet the requirements to invoke the jurisdiction of the United States District Court for the Southern District of Florida based as more fully delineated in USCA Title 28 §1332.

For purposes of the right to invoke this courts jurisdiction it is noted that the plaintiff is, and for all times relevant to the allegations made herein has been, a resident of the State of Florida, the defendants' are residents of the state of Connecticut, the amount in controversy exceeds $75,000.00 and the acts complained of either occurred here or were activities solicited to be performed here by the plaintiff at the instigation of the defendants' while he resided here.

Furthermore, as to the claim against the defendant Donohue, the act complained of is unrelated to his fiduciary capacity and was a tortuous act solicited to be performed and was performed in the state of Florida and as such is sufficient to confer jurisdiction on this honorable court under both USCA Title 28 §1391(a)(2), and Fla. Stat. Ann § 48.193(1)(b) in that the defendant Donohue fraudulently induced the plaintiff to release his rights in the property known as 131 Washington Street by inducing the plaintiff to execute a release of his claims based upon a state of facts the defendant Donohue knew to be false and were false at the time he solicited the plaintiff to execute and send back to him a release of the plaintiffs' rights, all as more fully enumerated in the proposed amended complaint appended hereto and incorporated by reference in the instant motion.

The following acts took place in the state of Florida and while the plaintiff was domiciled here. They, individually and cumulatively are directly connected with the basis for the plaintiffs' causes of action and the actions of the defendants' complained of satisfy the requirements of Title 28 USC §1391(a)(2). They are, inter-alia:

a. The plaintiff was the beneficial owner of a piece of property known as 131 Washington Street, Hartford, Connecticut by virtue of the assignment to him of a master lease of the property and the rights conferred upon him therein (See Ex. "1")

b. The plaintiff was initially and continually contacted here by the ultimately successful buyers of the property who negotiated the terms of their purchase of the subject property with the plaintiff while he was a resident of Florida and in Florida.

c. The plaintiff received tax bills for the subject property addressed to him here. (See Ex. "2")

2

d. The plaintiffs' filings on the land records showing his interest in the subject property were signed and notarized in the state of Florida (See Ex's "3" & "4")

e. The plaintiff received notices of proceedings from the probate court sent to his residence in Florida and his participation in proceedings was solicited and took place telephonically while he was in Florida.

f. The probate court in West Hartford, Connecticut called the plaintiff on the telephone while he was in Florida and invited him to participate and he did participate in hearings being held at the court concerning the property in which he had an interest. (See proposed amended complaint ¶¶ 28. et. sec.)

g. The plaintiffs' mother discussed his acting on her behalf in maximizing the value to be obtained for the subject property while the plaintiff was in Florida. (See proposed amended complaint ¶¶ 56. et. sec.)

h. The defendant Donohue fraudulently induced the plaintiff to sigh and return a release of his rights in the subject property as recorded on the land records of the city of Hartford which Donohue sent to the plaintiff in Florida, was executed and notarized by the plaintiff in Florida and which was a condition precedent to enable attorney Donohue to conduct a closing on the property known as 131 Washington Street, which unbeknownst to the plaintiff was in violation of the sales agreement that had been negotiated by the plaintiff while he was in Florida and but for which the plaintiff would not have released his rights in the property. (See proposed amended complaint ¶¶ 98. et. sec.).

i. The said release was sent to the plaintiff in Florida by the defendant Donohue and was obtained from the plaintiff without informing the plaintiff that the defendant would or had materially changed the terms of the purchase and sale agreement the plaintiff had negotiated with the buyers while in Florida.

j. The plaintiff prepared his claim against the defendant estate which was duly filed with the temporary administrator while the plaintiff was in Florida. (See Ex. 5)

3

k.  The plaintiffs' claims against his mothers estate presented to the temporary administrator and again to the attorney for the executors, solely arose out of, are based upon and concern the activities of the plaintiff that resulted in a substantial increase in value of the property over that which was negotiated and approved by the probate court and from which the plaintiff in taking an appeal and thereafter negotiated a settlement that vastly increased the value of the property over that which had previously been agreed to, all due to the efforts of the plaintiff and with the reasonable belief on the part of the plaintiff that he would receive the benefit of his efforts.

l.  Contrary to the assertion in the defendants' motion to dismiss dated June 20th 2007 wherein it is alleged that the plaintiff did not file his claim, the probate court specifically acknowledged the receipt of the claim in its decision dated May 23rd 2007. (See Ex, 6, pp. 1 sub ¶ No. 2)

## II. **LEGAL ARGUMENT**

The proposed amended complaint sounds in three legal theories; Under the requirements of §48.193(1)(b) the defendant Donohue is subject to the jurisdiction of the courts of the state of Florida in that he committed a tortuous act within this state by fraudulently inducing the plaintiff to sign and return a release of the plaintiffs' rights is a piece of property in which the plaintiff had a pecuniary interest. Furthermore the act complained of is also sufficient in value to meet the requirements of Title 28 USC §1391 (a) (2).

As to the claims against the defendant estate the plaintiff claims that jurisdiction is appropriate in the state of Florida pursuant to the requirements of Title 28 USC §1391 (a) (2), as it is the 'judicial district in which a substantial part of the events or omissions arose and out of which his complaint is based.

The plaintiff has propounded two theories of recovery against the defendant estate which, contrary to the claims of the defendants in their motion to dismiss of June 20th

4

2007, are not mutually exclusive but rather, under the facts of this case, are cumulative. Quantum Meruit is an equitable doctrine that is designed to compensate an individual who renders a service to another for which he (or she) is entitled to be compensated '*for the service*'. Unjust enrichment may, and in the case at bar is, the unfair increase in the worth of another which should rightfully belong to the person who created the increase rather than the person who received it. See <u>Nancy L. Burns v William E.Koellmer</u>, 11 Conn. App. 375, 384 et. Sec (1987).

The defendants have raised in their pleading, numerous other allegations which are either without merit or misstated to give the impression of facts or circumstances which have no bearing on the case at bar as presently found in the proposed amended complaint.

A brief review will suffice to illustrate the point. Rather than the four individuals alleged by the defendants as parties, the only parties in interest are the defendants, Donohue and the Estate of Ruth B. Schweitzer and the complaint of April 20th 2007 clearly stated as such, the remaining individuals were added as a result of their refusal in their fiduciary capacities to return the notice of suit and waiver of service previously supplied to them and their inclusion was limited to their official capacities in order to obtain jurisdiction over the defendant estate.

A fair reading of the proposed amended complaint disposes of the remaining arguments of the defendants other than the allegation that the state court of Connecticut is the correct forum due to litigation pending there. This assertion however, is incorrect both as to the facts and the law. (See <u>Markham v Allen</u>, 326 U.S. 490 (1946) which clearly spells out the ability to litigate a claim against an estate otherwise pending in a state court as the litigation is appropriate in the federal courts...:

> "so long as it does not interfere with the probate
> proceedings or assume general jurisdiction of the
> probate or control of the property in the custody
> of the state court." Id. at 494

The only action pending in the Superior Court in Connecticut is an appeal from the acceptance of a purported will by the probate court, an action which is both a de novo proceeding

5

under Connecticut law and which could not include the claims asserted here as it is a purely statutory proceeding, There is therefore no 'parallel' state court proceeding from which to invoke the abstention doctrine. Likewise the defendants' suggest that the plaintiff has not filed a claim when a claim not only has been filed but the filing has been acknowledged in an opinion of the probate court. (See Ex, 6, pp. 1 sub ¶ No. 2)

### III. CONCLUSION

Pursuant to the foregoing the plaintiff hereby moves that his motion to amend his complaint of April 20th, 2007 which has been further amended as attached hereto be accepted for filing and be filed in the above captioned matter.

Respectfully submitted,

/s/ *Dwight Owen Schweitzer*
Dwight Owen Schweitzer, Pro-se
Fed. Bar # ct00072
Phone: (305) 576-2055
Facsimile: (305) 675-3314
555 NE 34th Street  Suite 1005
Miami, Florida 33137-4055

6

## CERTIFICATION OF SERVICE

On this the 26th day of July 2007, I caused to be mailed a true and accurate copy of the foregoing **Motion to Amend the Plaintiffs' Complaint of April 20th 2007 with the Proposed Amended Complaint attached** to counsel for the defendants' by first class mail, postage pre-paid, to:

> Gary M. Pappas, Esquire
> Carleton Fields, P.A.
> 4000 Bank of America Tower
> 100 SE 2nd Street
> Miami, Florida 33131-2114

*/s/ Dwight Owen Schweitzer*
Dwight Owen Schweitzer